WARNER, J.
In challenging the order terminating his parental rights as to his son, appellant claims that the trial court erred because no petition for termination was filed. Appellant is correct in that no petition appears in the record. To make sure that no petition was filed, we entered an order requiring the clerk to supplement the record with the petition, if one was filed. The clerk filed a response stating that no peti *1017 tion had been filed. Although the department contends that a petition must have been filed, it has not brought anything to our attention which would establish that it prepared and filed a petition which has simply been lost.
The jurisdiction of the court over a parent in a termination proceeding is invoked by the filing of a petition. See § 39.802(1), Fla. Stat. (“[a]ll proceedings seeking an adjudication to terminate parental rights pursuant to this chapter must be initiated by the filing of an original petition”); Fla. R. Juv. Pro. 8.500(a)(1) (“All proceedings seeking the termination of parental rights to a child shall be initiated by the filing of an original petition in the pending dependency action, if any.”) (emphasis supplied). Because the trial court’s jurisdiction was not properly invoked, we reverse. Our reversal is without prejudice to the department filing a new petition for termination of parental rights, properly invoking the jurisdiction of the court.
HAZOURI, J., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.